**Shalev Amar (022332)**
**samar@amarlawgrp.com**
**Daniel Neisess (032260)**
**dneisess@amarlawgrp.com**
**Amar Law Group, PLLC**
**7001 N. Scottsdale Rd. Suite 2060**
**Scottsdale, AZ 85253**
**(480) 237-2744**
**(866) 226-1333 (facsimile)**
**Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Guy Parker,** | Case No.: |
| Plaintiffs, | **COMPLAINT -** |
| | **VIOLATION OF THE MAGNUSON-** |
| vs. | **MOSS WARRANTY ACT, COMMON** |
| | **LAW BREACH OF WARRANTY,** |
| **Forest River, Inc. and Camping World Inc.** | **AND REVOCATION OF ACCEPTANCE** |
| Defendants. | |

1. The District Court has jurisdiction to hear this matter under 28 U.S.C. §1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq*. Jurisdiction is also conferred through 15 U.S.C. §2310(d) as the amount in controversy exceeds $50,000.00. The Court has pendent jurisdiction over the common law breach of warranty and revocation claims.

2. Plaintiff, Guy Parker ("Plaintiff"), is a consumer who resides in the State of Arizona.

Complaint - 1

3. Codefendant, Forest River, Inc. ("Forest River") is a foreign corporation authorized to do business in the State of Arizona. Forest River is engaged in the manufacture, assembly, integration, sale, supply and distribution of fully integrated Motorized Recreational Vehicle ("Motorhome RV") and attendant warranties. Forest River supplies its products and services to the Arizona consuming public through its authorized dealerships and repair agents,

4. Camping Word Inc., d/b/a Camping World of Mesa ("Camping World") is an Arizona corporation that operates dealerships engaged in the sale and repair of Motorized RVs.

5. Forest River unilaterally selected and then installed, integrated, and modified all components used to construct the subject Motorhome RV.

6. On March 23, 2021, Plaintiff purchased from Camping World Inc., d/b/a as Camping World of Mesa a new 2021 Forest River Cedar Creek RV VIN #: 4X4FCRP25MS226908 (the "Cedar Creek"), manufactured, warranted, and supplied by Forest River, for a total financed price of $185,411.37.

7. In connection with Plaintiff's purchase of the Cedar Creek, Forest River issued and supplied to Plaintiff its written warranty. Forest River and Camping World intended Plaintiff to view the fact the Cedar Creek was "warranted" as an assurance of the Cedar Creek's quality, thereby inducing Plaintiff's purchase.

8. In addition, under Forest River's repair or replacement warranty, Forest River and its repair agents and were required by common law and statute to perform adequate and competent repairs or replacements within a reasonable opportunity and

time, as competent repairs within a reasonable opportunity/amount of time is the essential purpose of warranties restricted to repair or replacement of defective parts.

9. Shortly after Plaintiff took possession of the Cedar Creek, he experienced numerous defects and conditions including: refrigerator, water line, antenna, shower, ceiling panels, window valances, awning, kitchen island, trim, compartment doors, oven, doors, and flooring.

10. Despite its short time in service, the Cedar Creek has been in the repair shop for warranty repairs at least three hundred (300) days.

11. Despite its excessive repair history, the Cedar Creek remains in a non-conforming defective condition.

12. Forest River, through its authorized repair agents, is has been unable to conform the vehicle with its warranty.

13. The Cedar Creek's numerous defects and its repeated inadequate repairs constitute substantial impairment in the use and value of the subject Cedar Creek to Plaintiff.

14. Plaintiff was further damaged by canceling several planned trips because of the defective condition of Cedar Creek and by being without benefit of the use of a Cedar Creek he paid for.

15. Plaintiff provided Forest River and Camping World, through their authorized repair agents, a sufficient opportunity to repair the defects, non-conformities and conditions within the Cedar Creek.

Complaint - 3

16. Despite being given more than a reasonable number of attempts/reasonable opportunity to cure said defects, non-conformities and conditions, Forest River and Camping World failed to do so. As such, the Cedar Creek's warranty failed its essential purpose.

17. Forest River and Camping World's failure to correct said defects violates Forest River and Camping World's statutory and common law duties to Plaintiff and the expectations created by Forest River and Camping World's promotional documents and warranties.

18. As a result of the ineffective repair attempts made by Forest River and Camping World through their repair agents and designates, the Cedar Creek cannot be utilized as intended by Plaintiff at the time of acquisition.

19. On June 17, 2022, Plaintiff provided Forest River and Camping World additional written notification of the defects within the subject Motorhome and Plaintiff's lawful demand for compensation.

20. Plaintiff and Forest River were unable to reach an accord.

21. Plaintiff likewise provided written notification of their revocation of acceptance of the Cedar Creek on June 17, 2022 to Camping World.

22. Camping World refused Plaintiff's request for revocation.

23. Plaintiff has been and will continue to be financially damaged due to Forest River and Camping World 's failure to conform the Cedar Creek to its warranty as Plaintiff did not receive the basis of his bargain for a new Cedar Creek, but instead was

saddled with a Cedar Creek riddled with defects akin to an improperly maintained high mileage used Cedar Creek of a much lesser value.

24. Plaintiff has met all legal and enforceable obligations and preconditions provided in Forest River's warranty and applicable law. As a direct and proximate result of Forest River's failure to comply with its written warranty, statutory obligations, and common law duties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. §2310(d), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

25. Plaintiff demands a trial by jury.

### COUNT I
### BREACH OF WRITTEN WARRANTY
### PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT:
### CODEFENDANT FOREST RIVER

26. Plaintiff re-allege and incorporate by reference paragraphs 1-25 in this Complaint.

27. Defendant Forest River failed to comply with its duties and obligations under its written warranty. Additionally, the warranty has failed of its essential purpose.

28. Forest River did not repair the Cedar Creek's defects and conditions within a reasonable number of attempts or time.

WHEREFORE, Plaintiff request the following relief:

    a. An award of diminution in value damages;

    b. All incidental and consequential damages;

    c. All reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. §2310 (d)(2); and,

    d. Grant all other relief deemed just and appropriate.

## COUNT II
## COMMON LAW BREACH OF WARRANTY
## CODEFENDANT FOREST RIVER

29. Plaintiff re-alleges and incorporates by reference paragraphs 1-28 in this Complaint.

30. Forest River failed to comply with its duties and obligations under its written warranty. Additionally, the warranty has failed of its essential purpose.

31. Forest River did not repair the defects and conditions herein within a reasonable number of attempts or time.

WHEREFORE, Plaintiff requests the following relief:

    a. An award of diminution in value damages;

    b. All incidental and consequential damages;

    c. All attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter pursuant to A.R.S. § 12-341 and A.R.S. § 12-341.01; and,

    d. All other relief deemed justified by this Court.

## COUNT III
## REVOCATION OF ACCEPTANCE PURSUANT TO A.R.S. § 47-2608
## CODEFENDANT CAMPING WORLD

32. Plaintiff re-alleges and incorporates by reference paragraphs 1-31 of this Complaint.

33. Camping World's tender of the Cedar Creek was substantially impaired to Plaintiffs due to the unit's defects and non-conformities.

34. Plaintiff accepted the Cedar Creek on the reasonable assumption that any nonconformities within the motorhome would be seasonably cured.

35. The nonconformities herein have not been seasonably cured.

36. Plaintiff's acceptance of the Cedar Creek was reasonably induced by the difficulty of discovering the Cedar Creek's nonconformities before acceptance and by seller's assurances regarding the quality of the Cedar Creek.

37. Plaintiff's revocation of acceptance occurred within a reasonable time after discovering the grounds for revocation and before any substantial change in condition of the Motor Home which was not caused by its own defects.

38. Plaintiff has notified Camping World of the revocation.

WHEREFORE, pursuant to A.R.S. §47-2608, Plaintiff prays that Camping World be ordered to:

    a. Accept Plaintiff's revocation of acceptance, return all monies paid towards the subject motorhome and remove any outstanding loan balance in exchange for return of the Cedar Creek;

    b. All incidental and consequential damages;

    c. Pay all reasonable court costs and attorneys' fees pursuant to A.R.S. §12-341 and A.R.S. §12-341.01; and,

    d. Provide any other relief deemed just and appropriate.

**RESPECTFULLY SUBMITTED** this 24th day of June, 2022

By: /s/ *Daniel Neisess*
   Shalev Amar
   Daniel Neisess
   Amar Law Group, PLLC
   7001 N. Scottsdale Rd. Suite 2060
   Scottsdale, AZ 85253
   (480) 237-2744
   (866) 226-1333 (facsimile)
   Attorney for Plaintiff